UNITED STATES, Appellant

v

ANSGAR H. H. TOLIVER, Private, U. S. Marine Corps, Appellee

No. 28,223

July 26, 1974

*Lieutenant Christopher H. Mills,* JAGC, USNR, argued the cause for Appellant, United States.

*Lieutenant Walter A. Smith, Jr.,* JAGC, USNR, argued the cause for Appellee, Accused.

## OPINION OF THE COURT

QUINN, Judge:

A divided Navy Court of Military Review reversed the accused's conviction for misprision of a felony and dismissed the charge on the ground that the accused had been denied a speedy trial. Proceeding under Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867(b)(2), the Judge Advocate General of the Navy asked review of the correctness of the court's decision.

197

More than 90 days elapsed between accused's pretrial confinement and the time the case came on for trial. The parties agree that, as a result, the accused was presumably prejudiced by the delay. See United States v Marshall, 22 USCMA 431, 47 CMR 409 (1973); United States v Burton, 21 USCMA 112, 44 CMR 166 (1971). However, they disagree as to whether the evidence presented at trial, in connection with the defense motion to dismiss, was sufficient to overcome the presumption of prejudice by demonstrating that really extraordinary circumstances justified delay beyond the 90-day period. See United States v Johnson, 23 USCMA 91, 48 CMR 599 (1974).

Before the Court of Military Review, the Government scrutinized the circumstances of various segments of the interval between the accused's confinement and trial in an effort to sustain the trial judge's ruling denying the defense motion to dismiss. The court accepted the Government's analysis of a period attributable to the accused but rejected others, and concluded that the "net delay chargeable to the government totalled 109 days."

■ One segment of the period of the Government's accountability was that between October 17 and October 26, 1972. As to this, the evidence shows that a disturbance had occurred aboard the carrier U.S.S. *Kitty Hawk,* and a team of 10 lawyers was dispatched to the vessel on October 17 by the Law Center, which provided legal counsel for courts-martial within the convening authority's command. Although no direct evidence of the point was presented, trial counsel represented that the Law Center was "decimated in numbers." The lawyers were away until October 28. The relevance of this incident to the processing of the accused's case is disputed by the parties. Government counsel contend that detail of the team to the *Kitty Hawk* represented an essential reordering of priorities in the processing of pending investigations, and justified postponement of proceedings in the accused's case for the time that the team remained away from the Center. See United States v Johnson, supra. There is, however, substantial evidence opposed

to the contention. Trial counsel, for example, admitted that on his departure from the Center, he instructed his assistant to proceed with the accused's case in his absence, and that on his return, he determined that the assistant "had amassed all" the available evidence, and he was able "immediately" to interview potential witnesses. On the basis of this testimony, the Court of Military Review could reasonably conclude that the *Kitty Hawk* incident did not entail any necessary reordering of the priority of assignments, at least as to the accused's case.

A second interval selected for special review is that between December 11, 1972, when the Article 32 investigation report was received at the Law Center for pretrial advice under Article 34, UCMJ, 10 USC § 834, and January 26, 1973, when the signed advice was forwarded to the convening authority, a period of 46 days. In addition to the misprision offense of which the accused stands convicted, the accused had been charged with murder and conspiracy to murder. Two other persons were separately charged with the same murder and conspiracy. The Article 32 officer investigated the charges against each accused in the same period. He concluded his investigation of the accused's case with a recommendation that the murder and conspiracy charges be dropped, and that other charges be added. His recommendation was the subject of divided opinion at the Law Center. The staff favored retention only of the misprision charge, but the staff judge advocate insisted on retention of all the original charges. Eventually, the staff judge advocate changed his mind and recommended to the convening authority in his formal advice that only the misprision offense be referred to trial. Government counsel contend that the case of the accused and those of the other accused involved in the murder and conspiracy had to be considered together, and that the accused's case was especially complex.

■ The case of one of the co-accused was received at the Law Center on December 5, and an amended pretrial advice was submitted to the convening authority on December 15. The case of the

second accused was received on December 11 and was forwarded to the convening authority on December 19. According to undisputed testimony of a Government witness, there was nothing "unusual" in the handling of the accused's case. He also testified he had "read the entire thing," and, in his opinion, there was "[v]ery very little" in it regarding accused's involvement with the murder and conspiracy charges. On this evidence, we believe that the Court of Military Review could properly conclude that the Government had not sustained its heavy burden of proof that special circumstances justified 46 days for consideration of the accused's case, especially when only 10 and 8 days, respectively, were required for disposition of the related cases.

Our conclusion that the Court of Military Review could properly reject the Government's contention that the circumstances affecting the processing of the accused's case during the periods of time mentioned were extraordinary makes it unnecessary to discuss other segments of time that would not affect the result. The court's determination that the presumption of prejudice was not overcome is supported by substantial evidence. Accordingly, we answer in the affirmative the certified question, and we affirm the decision of the Court of Military Review.

Senior Judge FERGUSON concurs.